IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3102-FL

| | | |
|---|---|---|
| ANTHONY DOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT SCHURMEIER, SBI Director; B.W. COLLIER, Former SBI Director; JOSH STEIN, NC Attorney General; and JOHN A. BYRD, North Carolina State Crime Lab Director, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on defendants' motion for summary judgment (DE 72). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the motion is granted.

## STATEMENT OF CASE

Plaintiff commenced this pro se prisoner civil rights action pursuant to 42 U.S.C. § 1983, on May 3, 2016, seeking declaratory and injunctive relief 1) ordering the North Carolina State Bureau of Investigations to provide plaintiff with requested ballistics evidence related to his state criminal case, which concluded in October 2000, and 2) holding that N.C. Gen. Stat. § 15A-1415(f) is unconstitutional and in violation of plaintiff's Fourteenth Amendment right to procedural due process. Plaintiff seeks costs, but did not seek monetary damages or a jury trial.

Prior to the court's initial review of his complaint, plaintiff moved to amend his complaint, seeking to add defendant John A. Byrd ("Byrd"), the director of the North Carolina State Crime

Laboratory, as a defendant and to elaborate upon his original claims. On March 2, 2017, the court allowed plaintiff's claims to proceed as amended. On March 13, 2017, defendant North Carolina Attorney General Josh Stein ("Stein") was substituted as a defendant.

On March 19, 2018, the court issued an order addressing various pending motions including: plaintiff's second motion to amend his complaint; defendants' motions to dismiss for lack of jurisdiction and for failure to state a claim; plaintiff's motions for default judgment, for sanctions, and to compel discovery. The court granted in part and denied in part defendants' motions to dismiss, dismissing plaintiff's claims contesting the validity of his state criminal conviction and his request for a copy of the ballistics work conducted in his criminal case, but denying defendants' motions as to plaintiff's claim that the application of N.C. Gen. Stat. § 15A-1415(f) violates his Fourteenth Amendment rights. The court also denied plaintiff's motions to compel discovery, for sanctions, and for default judgment; and denied as futile plaintiff's motion to amend his complaint. A month later, the court denied plaintiff's motion to appoint counsel and a motion seeking damages.

Defendants filed the instant motion for summary judgment on January 7, 2019, relying upon a memorandum in support and a statement of material facts referencing pleadings and documents in the record, pleadings and discovery in prior cases, and publically available information. Plaintiff responded in opposition on February 5, 2019, relying upon record evidence and attached documents including a partial transcript of proceedings in Case No. 99-CRS-2586, State v. Dove; a handwritten investigative statement, dated February 3, 1999; a typewritten document entitled "Interview of Dennis Simmons By Det. D.E. McLawhorn" dated February 3, 1999; a typewritten investigative interview summary statement of Dennis Simmons dated September 13, 2000; and a photocopy of a purchase receipt dated January 26, 1999. (DE 77-1).

**STATEMENT OF UNDISPUTED FACTS**

As pertinent to the instant claims, the undisputed facts, comprising procedural history of plaintiff's underlying criminal conviction and post-conviction cases, may be summarized as follows.

On October 25, 2000, following a jury trial in Lenoir County Superior Court, plaintiff was convicted of first degree murder. See State v. Dove, No. COA01-1085, 153 N.C. App. 524, 570 S.E.2d 153, 2002 WL 31306667 *1 (2002). Plaintiff was sentenced to life in prison without the possibility of parole. (Id.). Plaintiff appealed and, on October 15, 2002, the North Carolina Court of Appeals found no error in plaintiff's conviction or sentence. See id. Plaintiff's subsequent state-court motions for appropriate relief were denied. (Pl.'s Verified Mem. (DE 8) at 3).[1]

Plaintiff filed a habeas petition in this court pursuant to 28 U.S.C. § 2254 in 2003. See Dove v. Boyette, Case No. 5:03-HC-583-FL. That petition was dismissed on summary judgment, and the Fourth Circuit dismissed plaintiff's appeal. Dove v. Boyette, 133 F. App'x 77, 78 (4th Cir. 2005). As the court noted in a prior order, plaintiff "has filed numerous actions, both in State and federal court, seeking various forms of post-conviction relief. All such requests for relief have been denied." Dove v. Jones, No. 5:16-CT-3183-D, 2017 WL 4112279, at *1 (E.D.N.C. Mar. 23, 2017), appeal dismissed, 694 F. App'x 180 (4th Cir. 2017).

In a prior civil-rights action in this court, plaintiff argued that N.C. Gen. Stat. § 15A-1415(f) violates his Fourteenth-Amendment rights because it provides post-conviction discovery only for individuals represented by counsel. See Dove v. Pate, No. 5:11-CT-3195-BO (E.D.N.C. July 16, 2014) (DE 66). At summary judgement, after finding plaintiff lacked standing to sue because he had

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to the page numbering, if any, specified on the face of the underlying document.

3

not previously sought discovery under N.C. Gen. Stat. § 15A-1415(f), the court dismissed the complaint without prejudice to allow plaintiff to pursue this claim in the appropriate state court. Id.

On July 31, 2014, plaintiff moved the Lenoir County Superior Court for discovery of documents from the State Bureau of Investigation ("SBI") that he alleged had not been turned over at trial. (Pl.'s Verified Mem. (DE 8) at 6). Plaintiff specifically sought SBI notes regarding ballistic evidence and reiterated his argument that N.C. Gen. Stat. § 15A-1415(f) is unconstitutional. (Id.). The Lenoir County Superior Court denied the motion, holding, in relevant part:

> Defendant is not entitled to post-conviction discovery based upon the denial of post-conviction relief in his cases at every level of both state and federal court. Despite N.C.G.S. § 15A-1415(f) which provides for post-conviction discovery; the denial of post-conviction discovery for defendant would be denied either with an attorney or without an attorney. There is no merit to this motion by defendant who continues a pattern of filing meritless claims . . . .
>
> There is no evidence that N.C.G.S. § 15A-1415(f)(2009) is unconstitutional and it is the ruling of this court that said statute is constitutional by requiring that defendants be represented by counsel in motions pursuant to the statue. One reason to require an attorney in these motions is to avoid the type of litigation abuses that defendant has subjected the judicial system to review without end. This defendant has filed over 50 frivolous motions in this case and all have been denied.

(Pl.'s Ex. (DE 8-1) 15-16).

Plaintiff then filed in the North Carolina Court of Appeals a petition for writ of mandamus seeking an order to compel the State and the SBI to provide him with discovery. (See Pl.'s Verified Mem. (DE 8) at 6 (citing Brady v. Maryland, 373 U.S. 83 (1963)); see also Brady, 373 U.S. at 87 (holding "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material."). Plaintiff's mandamus petition was denied. (Pl.'s Ex. (DE 8-1) at 25). Plaintiff's further attempts to raise this issue in North Carolina courts during the pendency of this action also were denied. (See, e.g., Pl.'s Verified Am. Compl. (DE 9-1) at 4)).

4

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

As set forth in the court's prior order, the sole claim remaining in this case is plaintiff's claim that N.C. Gen. Stat. § 15A-1415(f) denied plaintiff, as an indigent pro se litigant, post-conviction discovery in violation to his rights to due process and equal protection under the Fourteenth Amendment. (See Order (DE 50) at 20 (dismissing other claims)).

Section 15A-1415(f) is part of Article 89 of the North Carolina General Statutes which is entitled "Motion for Appropriate Relief and Other Post-Trial Relief." Section 15A-1415(f) previously applied only to defendants convicted of a capital crime and sentenced to death. See State v. Bates, 348 N.C. 29, 35, 497 S.E.2d 276, 279 (1998). After a 2009 amendment, however, the "capital defendant" requirement was removed and replaced. This provision now states:

> In the case of a defendant who is represented by counsel in postconviction proceedings in superior court, the defendant's prior trial or appellate counsel shall

> make available to the defendant's counsel their complete files relating to the case of the defendant. The State, to the extent allowed by law, shall make available to the defendant's counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. If the State has a reasonable belief that allowing inspection of any portion of the files by counsel for the defendant would not be in the interest of justice, the State may submit for inspection by the court those portions of the files so identified. If upon examination of the files, the court finds that the files could not assist the defendant in investigating, preparing, or presenting a motion for appropriate relief, the court in its discretion may allow the State to withhold that portion of the files.

N.C. Gen. Stat. § 15A-1415(f).

Plaintiff argues that this statutory provision violates the Equal Protection and Due Process clauses of the Fourteenth Amendment because it provides post-conviction discovery only for individuals represented by counsel and he, as an indigent pro se movant, has been unable to obtain the discovery that he seeks. (See Compl. (DE 1) at 3–4). Plaintiff contends that his claims premised on N.C. Gen. Stat. § 15A-1415(f) have been fully adjudicated and denied in state courts. (Id. at 4).

1. Standing

The court is empowered to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," that a plaintiff must establish. Spokeo v. Robins, 136 S.Ct. 1540, 1547 (2016). Standing consists of three elements: (1) "an injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury would be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (citations omitted).

Defendants argue plaintiff lacks standing because he was not denied discovery under N.C. Gen. Stat. § 15A-1415(f). (See Defs.' Mem. (DE 73) at 11). Defendants further contend that plaintiff's claim is moot because, during the pendency of this action, plaintiff received all the

6

requested discovery, including "notes from the analyst who did the ballistics work on the firearms, bullets, and shell casings that were submitted to the State Crime Lab as part of Plaintiff's criminal case." (Id. at 13).

In response to defendants' motion for summary judgment, plaintiff disagrees that his claims are moot because, plaintiff asserts, he has not received the "handwritten notes for the ballistics in his case." (Pl.'s Resp. (DE 77) at 3). Plaintiff further contends that he raised a colorable claim that the State denied him due process when it declined to provide him discovery necessary to challenge his conviction. (Id. at 2 (citing Skinner, 562 U.S. at 530)). Plaintiff asserts that he cannot challenge his conviction without demonstrating a constitutional violation via newly discovered evidence but, due to the challenged statute, he cannot discover any new evidence to support his claim. (Id. at 3, 5).

Because it is unclear whether the purported handwritten notes for ballistics actually exist, the court presumes, without deciding, that the case is not moot. Further, the court agrees that, although plaintiff's eventual relief may sound in habeas, pursuant to Skinner, 562 U.S. at 530, plaintiff is empowered to challenge the statute in question under section 1983. Plaintiff, nevertheless, lacks standing to sue in this case because he has not shown that his purported injury due was actually due to the application of the challenged statute. See Lujan, 504 U.S. at 560 (requiring injury to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." (alterations original, citations omitted)).

Here, the record reflects that plaintiff was not denied discovery because he was unrepresented; rather, plaintiff was not granted discovery because his post-conviction motions were

dismissed under the gate-keeping provisions of N.C. Gen. Stat. § 15A-1420(b1)(3) for lack of merit, or because they were procedurally barred under N.C. Gen. Stat. § 15A-1419(a). (See, e.g., Pl.'s Ex. (DE 8-1) at 15 (Lenoir County Superior Court order finding plaintiff would not be entitled to discovery either with or without an attorney because his underlying claims lacked merit)). Thus, because plaintiff has not shown that his inability to obtain discovery materials is actually due to operation of N.C. Gen. Stat. § 15A-1415(f), plaintiff lacks standing to challenge this statutory provision and defendants are entitled to summary judgment. See Anderson, 477 U.S. at 247.

2.  Merits

In addition, and in the alternative to lack of standing, plaintiff's contentions that N.C. Gen. Stat. § 15A-1415(f) violates his equal protection and due process rights fail on the merits.

a.  Equal Protection

The Equal Protection Clause provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." See U.S. CONST. amend. XIV, § I. This clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See, e.g., In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999), cert.

denied sub nom Mickle v. Moore, 528 U.S. 874 (1999); Sylvia Dev. Corp. v. Calvert County, Md, 48 F.3d 810, 818-19 (4th Cir. 1995).

Here, plaintiff contends that N.C. Gen. Stat. § 15A-1415(f) denies him equal protection in violation of the Fourteenth Amendment because, as an indigent, pro se movant, he lacks the same access to discovery materials available to those represented by an attorney. (Pl.'s Mem. (DE 8) at 16). There are, however, relevant provisions elsewhere in North Carolina General Statutes Article 89 that provide for appointment of counsel or defrayal of costs for indigent individuals seeking post-conviction relief. See N.C. Gen. Stat. § 15A-1420(b1)(3) ("If the [MAR] presents sufficient information to warrant a hearing or the interest of justice so require, the judge shall appoint counsel fro an indigent defendant who is nor represented by counsel."); N.C. Gen. Stat. § 15A-1421 ("The provisions of Chapter 7A of the General Statutes with regard to the appointment of counsel for indigent defendants are applicable to proceedings under this Article. The court also may make appropriate orders relieving indigent defendants of all or a portion of the costs of the proceedings."); see also N.C. Gen. Stat. § 7A-450(b) ("Whenever a person . . . is determined to be an indigent person entitled to counsel, it is the responsibility of the State to provide him with counsel and the other necessary expenses of representation . . . ."); State v. Potts, 334 N.C. 575, 586, 433 S.E.2d 736, 742 (1993) (noting a court "may appoint an investigator to aid the defendant upon a proper showing," and citing, among other things, N.C. Gen. Stat. § 15A-1421). Thus, although N.C. Gen. Stat. § 15A-1415(f) permits discovery to those "represented by counsel in postconviction proceedings in superior court," because the statutory scheme itself actually provide multiple avenues for appointment of counsel, plaintiff cannot show either unequal treatment or purposeful discrimination on the part of the state on these grounds. Cf. Morrison, 239 F.3d at 654.

In addition, to the extent plaintiff alleges his indigence renders him unable to secure legal representation, these circumstances do not establish plaintiff as a member of a "suspect class." See, e.g., Maher v. Roe, 432 U.S. 464, 471 (1977) (noting the Supreme Court "has never held that financial need alone identifies a suspect class for purposes of equal protection analysis."). On post-conviction collateral review, plaintiff does not have a fundamental right either to appointment of counsel or to full, trial-like discovery. See Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009) (noting the Brady evidentiary standard provides the wrong framework for post-conviction relief); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [post-conviction habeas relief]. . . , and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well. (internal citation omitted)).

Accordingly, the court applies the "rational basis" test to the challenged statute and finds that plaintiff fails to demonstrate that there was no rational basis for the State's 2009 amendment of N.C. Gen. Stat. § 15A-1415(f) to require counsel for the production of post-conviction discovery. See, e.g., Kirby v. City Of Elizabeth City, N. Carolina, 388 F.3d 440, 447 (4th Cir. 2004) (noting that, to succeed in an Equal Protection claim under the "rational basis" test, a plaintiff must "negate 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" (quoting Bd. of Trustees v. Garrett, 531 U.S. 356, 367 (2001)). Thus, defendants also are entitled to summary judgment as to this claim. See Anderson, 477 U.S. at 247.

      b.     Due Process

No state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. A prisoner possesses a liberty interest in demonstrating his innocence of

the crime of which he was convicted. See Osborne, 557 U.S. at 67. However, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Id. at 69 (referencing Medina v. California, 505 U.S. 437, 446, 448 (1992)). Furthermore, it remains plaintiff's "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief." Id. at 71.

In reliance on Skinner, 562 U.S. at 530, plaintiff contends that he was denied procedural due process rights under N.C. Gen. Stat. § 15A-1415(f) when the State did not provide plaintiff notes to the ballistics in his criminal case to assist plaintiff in his post-conviction proceedings. (Pl.'s Mem. (DE 8) at 7–13). Plaintiff asserts that if he was able to discover these handwritten ballistics notes, such evidence would not necessarily undermine his conviction. (Id. at 8 (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (establishing the "Heck bar" that requires courts to dismiss a section 1983 complaint seeking damages for an allegedly unconstitutional imprisonment if a judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence))).

Plaintiff notes that ballistics in his case was conducted in 1999 by the SBI. (Id.). Plaintiff asserts, "the 2010 audit of the SBI lab plainly reveled serious issues about laboratory practices from 1987-2003, and there is a strong possibility that information that was material and even favorable to plaintiff was withheld or misrepresented." (Id. at 10). Plaintiff further contends that his trial counsel did not provide plaintiff with discovery "prior to trial or after trial." (Pl.'s Resp. (DE 77) at 4). Although defendants supplied plaintiff with ballistic tests and typed notes during the pendency of this action, plaintiff reiterates that he "did not receive the handwritten notes for tests conducted." (Id. at 5).

Here, as discussed above, the record reflects that plaintiff was not actually denied discovery pursuant to N.C. Gen. Stat. § 15A-1415(f) because he lacked legal counsel. Rather, the state courts considering plaintiff's numerous post-conviction motions have either found that plaintiff's claims are procedurally barred or that plaintiff's arguments do not merit a hearing, appointment of counsel, or discovery. (See, e.g., Pl. Ex. (DE 8-1) at 15–16); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991) (recognizing "the important interest in finality served by state procedural rules"), holding modified by Martinez v. Ryan, 566 U.S. 1 (2012).

Moreover, as also discussed above, plaintiff lacks a fundamental right to attorney representation in post-conviction collateral attacks on his criminal conviction, see Finley, 481 U.S. at 557, and various parts of North Carolina's post-conviction statutory scheme also provide for the appointment of counsel for indigent defendants. See N.C. Gen. Stat. §§ 15A-1420(b1)(3), 15A-1421. Thus, plaintiff fails to demonstrate his inability to obtain the requested discovery is a "fundamental inadequacy" in the State's post-conviction procedures. See Osborne, 557 U.S. at 71.

To the extent plaintiff instead alleges that the handwritten SBI ballistic notes constitute material evidence improperly withheld by the State at plaintiff's trial, this claim is Heck barred because it is necessarily predicated on a theory that plaintiff's murder conviction is invalid due to this purported Brady violation. See Osborne, 557 U.S. at 69; Griffin v. Baltimore Police Dep't, 804 F.3d 692, 695 (4th Cir. 2015) ("While § 1983 suits seeking DNA testing may proceed around the Heck bar, § 1983 actions based on Brady claims may not."); see also Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would

necessarily demonstrate the invalidity of confinement or its duration."). Accordingly, defendants likewise are entitled to summary judgment as to this claim. See <u>Anderson</u>, 477 U.S. at 247.

## CONCLUSION

Based on the foregoing, the court grants the motion for summary judgment (DE 72). The clerk is DIRECTED to close the case.

SO ORDERED, this the 24th day of September, 2019.

                                          LOUISE W. FLANAGAN
                                          United States District Judge